FILED
DEC -7

E-filing

Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE NELSON,** | ) Case No. |
| | ) CV 09 5739 |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT,** |
| | ) **ROSENTHAL FAIR DEBT** |
| **NOBEL RECOVERY SERVICES** | ) **COLLECTION PRACTICES ACT** |
| **LLC,** | ) |
| | ) |
| Defendant. | ) |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.     Plaintiff, MICHELLE NELSON ("Plaintiff"), is a natural person residing in Alameda county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.     At all relevant times herein, Defendant, Nobel Recovery Services LLC("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Complaint - 2

Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways,

including but not limited to:

1. Using, or threatening to use, physical force, violence or any criminal means to cause harm to the person, reputation or property of Plaintiff (Cal Civ Code § 1788.10(a)), including, but not limited to, Mr. Zavala, an employee of Defendant, telling Plaintiff that her daughter will have to visit her behind bars, that she will have a felony on her record, and that he has reason to believe that Plaintiff's references helped her commit a crime;

2. Threatening that the failure by Plaintiff to pay Plaintiffs consumer debt will result in an accusation that Plaintiff had committed a crime, where such accusation is false (Cal Civ Code § 1788.10(b)), including, but not limited to, Mr. Zavala, an employee of Defendant, telling Plaintiff that she was going to tell, that her daughter would be taken from her, and that she would have a felony on her record;

3. Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor (Cal Civ Code § 1788.10(c)), including, but not limited to, Mr. Zavala, an employee of Defendant, telling Plaintiff on October 19, 2009, that he was going to call her neighbors at 34141 Gannon Terrace if Plaintiff didn't pay her debt;

4. Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code § 1788.10(e)), including, but not limited to, Mr. Zavala, an employee of Defendant, telling Plaintiff that she was going to tell, that her daughter would be taken from her, and that she would have a felony on her record;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5. Using obscene or profane language in a conversation with Plaintiff (Cal Civ Code § 1788.11(a));

6. Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code § 178811(b)), including, but not limited to, Mr. Zavala, an employee of Defendant, not answering Plaintiff when she asked him what company her works for, or providing Plaintiff with his first name;

7. Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d)), including, but not limited to, calling Plaintiff more than twice a day;

8. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)), including, but not limited to, calling Plaintiff more than twice a day;

9. Falsely representing that Plaintiffs debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges, where, in fact, such fees or charges could not legally have been added to the existing obligation (Cal Civ Code § 1788.13(e)), including, but not limited to, Mr. Zavala, an employee of Defendant, telling Plaintiff she was going to pay interest on her loan, court costs, and attorneys fees;

10. Falsely representing the true nature of the business or services being rendered by Defendant (Cal Civ Code § 1788.13(i));

11. Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a

Complaint - 4

consumer debt is made (Cal Civ Code § 1788.13(j)), including, but not limited to, Mr. Zavala, an employee of Defendant, telling Plaintiff she is a criminal and has broken the law. Mr. Zavala also told Plaintiff she would never have a checking account or be able to work with a felony on her record. Mr. Zavala told Plaintiff's employer that Plaintiff would be served with papers, but she was never served. Plaintiff was told she had no more chances and the company was moving forward with a case against her;

12. In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§ 1692b & § 1692c(b)), including, but not limited to, Mr. Zavala, an employee of Defendant, calling one of Plaintiff's references, Ronaldo Bussey, at work. On another occasion, Mr. Zavala contacted Plaintiff's employer and advised them that Plaintiff would be served with papers;

13. In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§ 1692b(1) & § 1692c(b)), including, but not limited to, Mr. Zavala, an employee of Defendant, called Plaintiff's employer and advised them that Plaintiff would be served with papers;

14. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & § 1692c(b)), including, but not limited to, calling Plaintiff's employer, and calling Plaintiff's friend at work;

15. Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§ 1692b(3) & § 1692c(b)), including, but not limited to, calling Plaintiff's employer and calling Plaintiff's friend at work;

16. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d)), including, but not limited to, threatening Plaintiff that she would be going to jail and that her daughter would be taken away from her. Also, Mr. Zavala, an employee of Defendant, threatened to call all of Plaintiff's references, neighbors and her job;

17. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f)), including, but not limited to, threatening Plaintiff with jail and having her daughter taken away from her;

18. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10), including, but not limited to, threatening Plaintiff with jail and having her daughter taken away from her;

19. Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§ 1692e(11));

20. Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§ 1692e(11)); and

21. Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2).

6.     As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

7.     Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct

violated the FDCPA;

B.     Actual damages;

C.     Statutory damages;

D.     Costs and reasonable attorney's fees; and,

E.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

8.     Plaintiff reincorporates by reference all of the preceding paragraphs.

9.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

1                 **PRAYER FOR RELIEF**

2

3     WHEREFORE, Plaintiff respectfully prays that judgment be entered

4 against the Defendant for the following:

5        A.    Declaratory judgment that Defendant's conduct

6             violated the RFDCPA;

7        B.    Actual damages;

8        C.    Statutory damages for willful and negligent violations;

9        D.    Costs and reasonable attorney's fees,

10        E.    For such other and further relief as may be just and proper.

11

12 **COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS**

13

14     12.    Plaintiff reincorporates by reference all of the preceding paragraphs.

15                 **PRAYER FOR RELIEF**

16

17     WHEREFORE, Plaintiff respectfully prays that judgment be entered

18 against the Defendant for the following:

19        A.    Actual damages

20        B.    Punitive Damages; and,

21        C.    For such other and further relief as may be just and proper.

22

23     **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

24

25     Respectfully submitted this 30th day of November, 2009.

26                              By: _____

27                              **TODD M. FRIEDMAN (216752)**

28                              **Attorney for Plaintiff**